IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01592-EWN-PAC

BRONWYN ANGLIN,

Plaintiff,

v.

CITY OF ASPEN, COLORADO, a municipality,
LOREN RYERSON, CHIEF OF POLICE, in his official and individual capacity,
ASPEN POLICE OFFICER MELINDA CALVANO, in her official and individual capacity,
ASPEN POLICE OFFICER DAN DAVIS, in his official and individual capacity,
PITKIN COUNTY COMMISSIONERS, in their official and individual capacities,
PITKIN COUNTY SHERIFF ROBERT BRAUDIS, in his official and individual capacity,
PITKIN COUNTY DEPUTY SHERIFF WALT GEISTER, in his official and individual capacity,
ASPEN VALLEY HOSPITAL,
DOCTOR CHRIS MARTINEZ,
PARAMEDIC DAMIEN CONIGLIO,
PARAMEDIC MARK HUTCHINSON,

Defendants.

## STIPULATION AND PROTECTIVE ORDER

Each Party and each Counsel of Record stipulate and move the Court for Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined) and, as grounds therefore, state as follows:

1. In this action, at least one of the Parties has sought and/or may seek Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such

information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2.  "Confidential Information" means any document, transcribed testimony, or response to a discovery request designated by one of the Parties in the manner provided in paragraph 3 below as containing Confidential Information, including, but not limited to the individually named Defendant's personnel files and the individually named Defendants' employment disciplinary records.

3.  Where Confidential Information is produced, provided or otherwise disclosed by a Party, the information shall not be treated as confidential in accordance with this Protective Order unless the disclosing Party has designated it Confidential Information in the following manner:

> a.  By imprinting the word "Confidential" on the first page or cover of any document produced;
>
> b.  By imprinting the word "Confidential" next to or above any response to a discovery request; and
>
> c.  With respect to transcribed testimony, by stating on the record during the deposition that testimony is "Confidential" or by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

4.  All Confidential Information provided by a Party in response to a discovery request or through testimony shall be subject to the following restrictions:

   a.  It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

   b.  It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless such person agrees to be bound by the terms of this Protective Order.

5.  Individuals authorized to review Confidential Information pursuant to this Protective Order including, but not limited to, the Parties to this action, their undersigned counsel, their retained experts as well as any of representative(s) of the Parties' insurers, shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6.  The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed.

7.  No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation, and such copies may be provided to consulting or retained experts in this case. Any such copies shall be made and used solely for purposes of this litigation.

8.   During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 7 above.

9.   A party may object to the designation of specific Confidential Information by giving written notice to the party designating the disputed information as Confidential Information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed Confidential Information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as Confidential Information in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

10.   In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of Fed.R.Civ.P. 26(c)(8) and D.C.COLO.L.Civ.R. 7.2, in a sealed envelope with the following statement typed conspicuously thereon:

4

**CONFIDENTIAL**

<u>THIS DOCUMENT IS FILED UNDER SEAL. UNLESS OTHERWISE ORDERED BY THE COURT, IT SHALL NOT BE REPRODUCED FOR NOR SHOWN TO, PERSONS OTHER THAN THOSE ENTITLED TO HAVE ACCESS TO SUCH DOCUMENTS UNDER THE PROTECTIVE ORDER ENTERED ON [date of Court's Entry of this Order] IN THE MATTER OF BRONWYN ANGLIN V. CITY OF ASPEN, ET AL, CASE NO. 06-cv-01592-EWN-PAC.</u>

Any pleadings or briefs filed by the Parties that either quote or discuss the contents of information designed as Confidential Information shall also be filed in sealed form.

11. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

12. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

13. The Parties agree that the terms and conditions in this Protective Order survive the termination of this litigation. Upon conclusion of this litigation, any Party in possession of Confidential Information will ensure that it is destroyed or stored in a manner which ensures compliance with the terms and conditions of this Protective Order.

14. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

DATED this 20th day of Feb, 2007.

BY THE COURT:

_____
O. Edward Schlatter
United States Magistrate Judge

**STIPULATED AND AGREED TO:**


s/David A. Lane.
David A. Lane, Esq.
Marcel Krzystek, Esq.
Killmer, Lane & Newman, LLP
1543 Champa Street, Suite 400
Denver, CO 80202



s/Andrew Nathan
Andrew Nathan
Andrew J. Fisher
Nathan Bremer Dumm & Myers, PC
3900 E. Mexico Avenue, Suite 1000
Denver, CO 80210



s/David W. Gerbus
David W. Gerbus
Kim Childs
Catherine O'Brien Crum
Kennedy Childs & Fogg, PC
Independence Plaza
1050 17th Street, Suite 2500
Denver, CO 80265



s/Josh Marks
Josh Marks
1712 Pearl Street
Boulder, CO 80302



s/Eric M. Ziporin
Eric M. Ziporin
Brett A. McDaniel
Senter Goldfarb & Rice, L.L.C.
1700 Broadway, Suite 1700
Denver, CO 80290

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of February, 2007, I electronically filed a true and correct copy of the above and foregoing **STIPULATION AND PROTECTIVE ORDER** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

| | |
|---|---|
| David A. Lane, Esq.<br>dlane@kilmerlane.com | David W. Gerbus<br>dgerbus@kcfpc.com |
| Marcel Krzystek, Esq.<br>mkrzystek@kilmerlane.com | Kim Childs<br>kchilds@kcfpc.com |
| Andrew Nathan<br>anathan@nbdmlaw.com | Catherine O'Brien Crum<br>cobrien@kcfpc.com |
| Andrew J. Fisher<br>afisher@nbdmlw.com | Josh Marks<br>jam@bhgrlaw.com |

/s Christina Wells
Christina Wells