IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 06-cv-01592-CMA-KLM

BRONWYN ANGLIN,

    Plaintiff,

v.

CITY OF ASPEN, COLORADO, a municipality,
LOREN RYERSON, CHIEF OF POLICE, in his official and individual capacity,
ASPEN POLICE OFFICER MELINDA CALVANO, in her official and individual capacity,
ASPEN POLICE OFFICER DAN DAVIS, in his official and individual capacity, and
PITKIN COUNTY DEPUTY SHERIFF WALT GEISTER, in his official and individual capacity,

    Defendants.

## ORDER REGARDING DEFENDANT CALVANO'S MOTION TO REVIEW TAXATION OF COSTS

This matter is before the Court on Defendant Calvano's Motion to Review Taxation of Costs (Doc. # 112). For the following reasons, the motion is GRANTED IN PART AND DENIED IN PART.

This is a civil rights case. The Court previously dismissed most of Plaintiff Bronwyn Anglin's claims on summary judgment. After prevailing on summary judgment, Defendant Melinda Calvano filed a proposed Bill of Costs seeking $5,389.14 in taxable costs (Doc. # 106). The Clerk taxed costs against Plaintiff in the amount of $2,932.94

(Doc. # 110).[1] Calvano filed the instant Motion seeking a review of the Clerk's determination of costs.  Calvano now seeks costs related to the depositions of: (1) Herself ($372.20); (2) Byron Hawkins ($988.31); (3) Amber Nespeca ($424.00); (4) Robert Braudis ($92.40); (5) Defendant Loren Ryerson ($120.20); (6) Dr. Chris Martinez (amount unspecified); and (7) Kevin Dunkelberg (an additional $103.49). Pursuant to 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d)(1), courts should award "costs other than attorneys' fees" to a prevailing party.  The Tenth Circuit has held that Rule 54 creates a presumption in favor of awarding costs – even when the prevailing party is a defendant in a civil rights case.  *Mitchell v. City of Moore*, 218 F.3d 1190, 1204 (10th Cir. 2000).  Only costs that are "reasonably necessary" for litigation are taxable.  *See Furr v. AT&T Techs., Inc.*, 824 F.2d 1537, 1550 (10th Cir. 1987).  The Court has discretion to award costs under the Rule.  *See Mitchell*, 218 F.3d at 1205.   When determining costs related to summary judgment, one indication whether a cost is reasonably necessary is whether the parties or the court actually used the item in deciding the motion for summary judgment.  *See Merrick v. Norther Nat. Gas Co.*, 911 F2.d 426, 435 (10th Cir. 1990).

    In her Motion, Defendant Calvano seeks deposition and witness costs relating to multiple individuals.  The Court will address each request in the order presented by Calvano:

---

[1] Another group of Defendants also filed a proposed Bill of Costs (Doc. # 108), and the Clerk taxed costs for these Defendants in the amount of $4,216.44 (Doc. # 111).  The Clerk's decision regarding these other Defendants is not up for review.

(1) <u>Defendant Calvano</u> – The Court finds that Calvano's deposition transcript was reasonably necessary for the litigation.  Even if she did not explicitly cite the transcript in support of her Motion for Summary Judgment, Calvano probably required her own deposition transcript to prepare her defense and reply to Plaintiff's summary judgment response brief.  Further, the Court relied upon Calvano's deposition account in deciding her Motion for Summary Judgment.  Accordingly, the Court will tax costs in the amount of $372.20.

(2) <u>Byron Hawkins</u> – Conversely, neither Plaintiff, Calvano, the other Defendants nor the Court placed much emphasis on the deposition testimony of Plaintiff's friend, Byron Hawkins.  The Court cannot agree with Calvano that Hawkins was a "witness central to issues in dispute" because he was not present at the jail nor involved in the decision to forcibly restrain and sedate Plaintiff (Doc. # 112 at 4).  Thus, the costs associated with his deposition transcript were not reasonably necessary for Calvano's defense.

(3) <u>Amber Nespeca</u> – The deposition transcript of Amber Nespeca, like Hawkins, does not appear to have played a pivotal role in the parties' preparation of their respective cases or the Court's decision to grant summary judgment for Calvano. Ms. Nespeca's testimony was only tangential to the real issues in dispute and her presence at the jail on the night in question does not automatically make her a critical witness or otherwise make her deposition testimony reasonably necessary for Calvano's case.

(4) <u>Robert Braudis</u> and (5) <u>Defendant Ryerson</u> – Braudis and Ryerson's deposition testimony played a key role in the Court's decision to grant summary judgment in favor of Calvano. The Court finds that, at the time Calvano ordered the Braudis and Ryerson transcripts, these costs appeared reasonably necessary for litigation. Accordingly, the Court will tax costs in the amount of $92.40 for Braudis' transcript and $120.20 for Ryerson's transcript.

(6) <u>Dr. Martinez</u> – Calvano did not reply to Plaintiff's arguments regarding costs associated with the deposition transcript of Dr. Martinez. Further, Calvano's Motion does not make clear the amount that Calvano paid for Dr. Martinez' transcript. Given these failures, the Court declines to award costs relating to the deposition transcript of Dr. Martinez.

(7) <u>Kevin Dunkelberg</u> – The Clerk already taxed costs in the amount of $413.96 for one transcript of Mr. Dunkelberg's deposition. A second transcript appears to have been obtained for convenience rather than necessity. *See Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 234 (1964). Therefore, the Court declines to award Defendant Calvano the additional $103.49 she has requested.

In sum, the Court agrees that Calvano incurred certain costs necessary for the preparation of her defense case. These costs will be taxed. However, the Court declines Calvano's invitation to grant a carte blanche award of deposition and witness costs she may have incurred in this matter because not all costs were reasonably necessary for her case. As such, the Court ORDERS as follows:

Calvano's Motion to Review Taxation of Costs is GRANTED IN PART AND DENIED IN PART. It is

FURTHER ORDERED THAT costs in the amount of $584.80 are hereby taxed and included in the judgment against Plaintiff. Given the previous amount of costs awarded to Calvano, $2,932.94, the total amount of costs taxed is now $3,517.74.

DATED: November  18 , 2008

BY THE COURT:

*(signature: Christine M. Arguello)*

_____
CHRISTINE M. ARGUELLO
United States District Judge